HOOD, Judge.
Plaintiffs, David J. Williams and Frank Frey, instituted this suit for damages allegedly caused by the negligence of defendant’s agents in the construction of a pipe line across property owned by Williams and leased to Frey. After trial on the merits, the district court rendered judgment in favor of the plaintiffs, and defendant has appealed.
The evidence shows that by right-of-way agreement dated June 30, 1961, Williams granted to defendant, Trunkline Gas Company, a right-of-way or servitude to lay, maintain and operate a pipe line for the transportation of oil, gas, water or other fluids under and across a tract of land owned by Williams in Jefferson Davis Parish. The property affected by this right-of-way *162 had previously been leased by Williams to Frey for the purpose of farming rice on it during the 1961 crop season, and this lease was in effect when the pipe line was laid on that property. Under this farming lease Williams was to receive a portion of the 1961 rice crop as rental for the use of the land.
The right-of-way agreement entered into between Williams and defendant provided that “there is included in this transfer the rights of ingress, egress and regress to and from said line for the purposes aforesaid, but limited to the right-of-way herein granted, * * and that the “Grantee agrees to pay Grantor for all damages from the exercise by Grantee of the rights herein granted.” The agreement also contains the following pertinent provisions:
“(5) After the installation of said pipe line and in case of the abandonment and/or the expiration of this grant of servitude for any cause or reason, Grantee agrees that all ditches and debris caused by the construction or removal operation must be filled, cleared and the land restored as near as possible to its original condition.
‡ ‡ ‡ $
“(10) It is well understood and agreed by and between the parties hereto that Grantee is fully liable for all legally assessable injury to persons or property, including public liability, resulting from the construction, maintenance and operation of the pipe line over and across the hereinabove described land, which liability is in addition to that already assumed herein-above.
* * * * * *
“(13) Grantee agrees that in the event the construction of a pipe line occurs during the flooding of the rice fields, grantee agrees to provide for the fluming of the water across the pipe line ditch and/or right-of-way so that the water in the rice fields will remain level, and levees necessary to keep the water from running off the land will be built along the right-of-way.”
Frey had planted a rice crop on the land affected by the right-of-way agreement and was flooding it when the construction of the pipe line on the property was begun in August or September, 1961. The water which he used for flooding his crop was obtained from a canal which Williams had constructed along the east line of his property. The pipe line right-of-way, having a width of 100 feet during construction, crossed this canal, and continued on across some of the land which Frey had planted in rice. The principal demands of plaintiffs are based on allegations that in laying this pipe line defendant completely destroyed the rice which was growing within the right-of-way itself, covering an area of about one and one-half acres, and that it damaged eight additional acres of growing rice by damming up the irrigation canal and failing to flume the water across the right-of-way, thus preventing plaintiffs from properly flooding that portion of the crop.
Defendant admits that the rice within the actual right-of-way was completely destroyed and that it is liable to plaintiffs for the value of that rice, although it disagrees with plaintiffs as to the amount due. Defendant denies, however, that it caused any of the other damages claimed by plaintiffs. In the alternative, defendant contends that plaintiffs are barred from recovering these additional damages because they refused to accept water offered by defendant and thus they failed to minimize the damage.
There appears to be an irreconcilable conflict between the testimony of witnesses called by plaintiffs and those called by defendant. The trial judge, apparently accepting the testimony of plaintiffs’ witnesses, concluded that defendant had breached its contract with Williams by damming up the irrigation canal, by failing to provide for fluming of the water across the right-of-way so that water on the rice fields would remain level, and by failing to build levees along the right-of-way to keep the water *163 from running off the land. In assigning written reasons for judgment, the trial judge said:
“At the time defendant began its construction operations, plaintiff’s rice field, farmed by Mr. Frey, had been planted in Blue Bonnet rice and was flooded. Defendant entered the field from the northeast corner of the 15 acre tract being farmed by Mr. Frey, and from the study of my own notes of the evidence adduced on the trial of the case, it does not seem to me that defendant could possibly have come nearer to violating every one of the above quoted clauses of its contract, had its action been intentional and studied.
* * * * * *
“It cannot be doubted that the testimony shows that by unplugging plaintiff’s irrigation canal and failing to flume the water as defendant agreed to do and in failing to build the levees that would have retained its water in the rice fields, defendant caused the loss of, or damage to the rice as is alleged in the petition. It is also shown that when defendant did finally get around to offering to do something about getting water on the field, the damage had already been done and plaintiffs’ acceptance of the offer thus made, would not then have minimized that damage.”
The evidence convinces us, as it did the trial judge, that as a result of these acts by defendant’s agents plaintiffs were unable to obtain water on eight acres of rice for a period of about 14 days, and that because of this lack of water, that portion of the rice crop was seriously damaged. While it is true that defendant offered to provide water for the crop about three days before the end of this 14 day period, the trial judge correctly held, we think, that the crop had already been damaged by that time, that the defendant’s proposal included the cutting of additional canals on Williams’ land and that even under that plan water would not have become available any sooner than it would by allowing defendant to complete the laying of the pipe line and repairing the existing canal. In view of those facts, we think the trial judge correctly concluded that plaintiffs were justified in refusing this offer and that such refusal did not constitute a failure to minimize the damage.
We conclude, as did the trial judge, that plaintiffs are entitled to recover from defendant the value of the crop which was completely destroyed in constructing the pipe line, and also the loss which they sustained because of defendant’s failure to provide a means of watering the additional eight acres of rice.
Defendant contends that plaintiffs have failed to establish the value of the rice which was destroyed or the amount of the loss which they sustained. The evidence shows that Frey had planted 15}^ acres of Blue Bonnet rice in this particular field. One and one-half acres of rice were completely destroyed. Eight acres were damaged by lack of water and the remaining six acres did receive water and was undamaged. All of this rice was planted at the same time and, as nearly as it was possible for plaintiffs to provide, all of the rice received the same care. Pursuant to an agreement between plaintiffs and an agent of defendant, the six acre tract and the eight acre tract were each harvested and marketed separately, and the difference in the yield and selling price of each such lot of rice was then used by plaintiffs as a basis for their demands. We think this is a proper way to establish damages to a growing crop, and accordingly, we agree with the trial judge in his conclusion “that plaintiffs established by a preponderance of the evidence every item of damages for which they sued.”
Although defendant contends otherwise, we think the evidence supports the conclusion of the trial judge that plaintiff Frey also is entitled to recover the amounts claimed for replacing levees, for the removal of logs left on the property by defendant, *164 and for the expenses incurred by Frey in pumping water which never reached the rice crop because of the blocking of the canal and the failure of defendant to flume the water over the right-of-way.
For the reasons herein set out, therefore, the judgment appealed from is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed